# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# CENTRAL DIVISION
# LEXINGTON

| | |
|---|---|
| **REBEKAH ROWE,** | **CIVIL ACTION NO. 5:20-173- KKC** |
|     **Plaintiff,** | |
| **v.** | **OPINION AND ORDER** |
| **KILOLO KIJAKAZI,** | |
| **Acting Commissioner of Social Security** | |
|     **Defendant.** | |

\*\*\*\*\*\*\*\*\*

The plaintiff, Rebekah Rowe, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision denying her claim for disability insurance benefits and supplemental security income. The Court, having reviewed the record, will affirm the Commissioner's decision.

This Court's review of the decision by the Administrative Law Judge ("ALJ") is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir.2009). "A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013)

In denying Rowe's claim, the A LJ engaged in the five-step sequential process set forth in the regulations under the Social Security Act (the "Act"). 20 C.F.R. § 404.1520(a)-(e). *See, e.g., Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

At step one, the ALJ determined that Rowe has not engaged in substantial gainful activity since December 5, 2015, the alleged onset date. (Administrative Record ("AR") at 13.)

At step two, the ALJ determined that Rowe suffers from the severe impairments of fibromyalgia, degenerative disc disease of the lumbar spine; degenerative joint disease in both hands; and obesity. (AR at 14.)

At step three, the ALJ found that Rowe does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR at 14.)

Before proceeding to step four, the ALJ determined that Rowe has the residual functional capacity (RFC) to perform "light work" as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with the following exceptions:

> [She] can lift or carry and push or pull 20 pounds occasionally and 10 pounds frequently; can stand or walk six hours out of an eight-hour workday; can sit six hours out of an eight-hour workday; can occasionally climb ramps or stairs; occasionally climb ladders, ropes or scaffolds; occasional stooping, kneeling, crouching, or crawling; avoid concentrated exposure to cold temperature extremes, vibration and hazards such as unprotected heights or dangerous machinery; frequently handling, fingering and feeling with bilateral upper extremities; frequently push or pull with bilateral lower extremities.

(AR at 15.)

At step four, the ALJ determined that Rowe can perform past relevant work as a receptionist and, thus, she is not disabled. (AR at 18.)

The ALJ also went on to step five and determined that, considering the RFC described above and Rowe's age, education, and work experience, there are jobs that exist in significant numbers in the national economy that she can perform. For this reason also, the ALJ determined that Rowe is not disabled. (AR 18-19.)

2

In this action, Rowe argues that the ALJ erred by failing to consider medical evidence that supports 1) her fibromyalgia diagnosis; 2) her allegations regarding her neuropathy diagnosis; and 3) her testimony regarding the limitations caused by her symptoms. (DE 13-1, Mem. at 1-2.)

Regarding fibromyalgia, Rowe complains that the ALJ died not mention the examinations performed by Dr. Haider Abbas or Dr. Bison Jimenez (DE 13-1, Mem.at 11), both of whom are rheumatologists. These medical records support that Rowe was diagnosed with fibromyalgia (DE 398, 567), but these examinations do no indicate that the fibromyalgia limits Rowe's ability to perform any work-related functions. The ALJ found that Rowe suffers from fibromyalgia and that it constitutes a severe impairment because it significantly limits her ability to perform basic work activities. Taking these limitations into account, the ALJ restricted Rowe to only a reduced range of light work. Rowe points to no evidence that would require greater limitations on her ability to perform basic work activities.

Regarding neuropathy, while the ALJ did not mention the term "neuropathy" in the opinion, the ALJ did discuss Rowe's testimony that "the primary problem that prevents her from working is the numbness, tingling, and continuous pain in her feet and hands." (AR 15.) Further, the ALJ considered Rowe's vitamin B12 deficiency, which Dr. David Blake theorized was the cause of Rowe's neuropathy. (AR 364, 416.) The ALJ determined that the vitamin deficiency caused no more than minimal limitations in Rowe's ability to perform basic work activities. Rowe points to no evidence that would require a finding that the vitamin deficiency caused greater limitations than the ALJ assessed.

Rowe complains that the ALJ failed to discuss the medical examinations conducted by Dr. Blake and Dr. James Winkley and their determination that she reported decreased sensation in

each office visit. (DE 13-1, Mem. at 13.) "Although required to develop the record fully and fairly, an ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered." *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000). Further, Rowe points to nothing in these examinations that would require a finding that she is more limited in the ability to perform work functions than the ALJ assessed.

Moreover, when Rowe later went to the Cleveland Clinic to confirm the neuropathy diagnosis, Dr. E. Pioro ruled out small fiber neuropathy as the cause of Rowe's symptom. because her skin biopsy result was negative. He concluded the cause of her symptoms was instead "central sensitization syndrome (manifest as fibromyalgia)." (AR 431.) As discussed, Rowe cites no objective medical evidence that her fibromyalgia limits her ability to perform work-related functions more than the ALJ assessed.

Finally, Rowe complains that the ALJ improperly discounted her testimony regarding the limitations caused by her symptoms. She argues that the ALJ failed to consider medical evidence that indicated that she experienced widespread pain, tender points, and decreased sensation. The ALJ, however, recognized that Rowe reported that she "experienced widespread pain throughout her body, which included numbness in her hands and feed, as well as both lower extremities." (AR 16.). The ALJ took this into account in assessing Rowe's RFC and concluding she could perform a limited range of light work. The ALJ also properly considered Rowe's reported activities including her testimony that she continues to do household chores and prepare meals.

For these reasons, the Court finds that the ALJ's opinion is supported by substantial evidence. Accordingly, **IT IS HEREBY ORDERED** that:

1. The plaintiff's motion for summary judgment (DE 13) is **DENIED**;
2. The defendant's motion for summary judgment (DE 15) is **GRANTED**;

4

3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

4. A judgment will be entered contemporaneously with this order.

Dated August 26, 2021

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY